Battle, J.
 

 Most of the exceptions taken by the defendant on the trial, and set forth in his bill of exceptions, have been properly abandoned by his counsel in the argument here.
 

 That the bond on which the suit was brought, is not against the public policy, and void on that account, was settled by the decision of the Court in
 
 McBm
 
 v.
 
 Bussely
 
 12 Ired. Rep.. 224, and we are not disposed to disturb it, or sail it in question.
 

 The defendant comes with a bad grace to object to an alteration of the charter which he had concurred in recommending. It was surely not erroneous in the Court to require of him to prove that he had subsequently dissented from, from the amendment, if, indeed, such a dissent 'could: then have availed him.
 

 The testimony which he offered for the purpose of showing that the agent of the plaintiff had made misrepresentations to him with regard to the route of the road
 
 \
 
 that the route selected was not the “most eligible,” and that the bond which another subscriber had signed was clear of erasure or interlineation when he first saw it, was properly rejected by the Court; N.
 
 C. R. R. Co.
 
 v.
 
 Leach,
 
 4 Jones’ Rep. 340.
 

 The only exception relied upon by the counsel for the defendant in argument before us, is that there was no evidence of the organization and corporate existence of the plaintiff at the time when the bond in controversy was given, and that, consequently, it was a nullity for the want of an obligee, as was decided in this Court, in the case of
 
 The Wilmington and Manchester Rail Road Company,
 
 v.
 
 Wright,
 
 5 Jones’ Rep. 304. Upon the question which was mainly debated between the counsel, whether the paper which purported to- contain the proceedings of the subscribers for stock in the organization of
 
 *389
 
 ühe company, was admissible as evidence, for that purpose on fhe part of fee plaintiff, and, if so, whether it proved such organization, is, in the view which we have taken of the case, unnecessary for us to decide. The plaintiff produced the acts by which the charter was .granted, and then showed that at the time when the bond in controversy was executed, there •was a president and an engineer acting and purporting to aet for and ia behalf of the corporation. That, we think, was ■enough to be shown to establish the existence of the corporation as to those who treated and acted with it in its corporate capacity.
 
 We
 
 so decided in the ease of
 
 The Wilmington and Manchester Railroad Company
 
 v.
 
 Saunders, 8
 
 Jones’ Rep. 126, and the same doctrine had been previously held in the ■case of
 
 The Tar River Navigatian Company v. Weil,
 
 3 Hawks’ Rep. 520. The principle is, that the officers of the corporation, acting on its behalf, were so defacto, and that those who treat with, and enter into obligations to, them, cannot be permitted to repudiate such obligations. It is the sovereign •alone, who has the right to complain of the usurpation, when •such exists. The spirit of this principle was applied, at the Hast'Term to the'ease of the eoisawnssionere
 
 defacto
 
 of a town, and it was found to be supported by the highest authority in England; see
 
 Commissioners of Trenton
 
 v.
 
 McDaniel,
 
 ante 107;
 
 Scadding v. Levant,
 
 5 Eng. Law and Eq. Rep. 113.
 

 This doctrine is not at all opposed by the decision in the •case of the
 
 Wilmington and Manchester Railroad Company
 
 v.
 
 Wright,
 
 above referred to, for there it is stated expressly that there ivas
 
 no evidence
 
 that the plaintiff had a corporate «existence at the time when the note sued on was given.
 

 Per Curiam,
 

 Judgment affirmed.